UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                  Plaintiff,

DECISION AND ORDER

19-CR-6163L

           v.

JANET FLORES,

                                  Defendant.
_____

       Defendant Janet Flores ("Flores") was convicted by guilty plea of being a felon in possession of a firearm, in violation of 18 United States Code, Section 922(g)(1). On December 19, 2019, this Court sentenced Flores principally to a term of imprisonment of 37 months with 3 years of supervised release. Flores is currently housed at the Danbury Federal Correctional Institution ("Danbury"). According to the Probation Office's Report (Dkt. #61), concerning Flores and her status at Danbury FCI, Flores had been held in custody for approximately 13 months prior to sentencing and therefore has now served approximately 20 months of the 37-month sentence.

       Flores, by counsel, filed a motion (Dkt. #56) for compassionate release to serve the balance of her sentence on home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government filed a Response (Dkt. #59) opposing the motion, and Flores filed a Reply (Dkt. #60), which included at Attachment 1, a lengthy Decision by United States District Judge Michael Shay on a motion for a temporary restraining order against the Bureau of Prisons ("BOP") concerning its failure to properly deal with the medical and mental health issues posed by the COVID-19 pandemic at Danbury.

Flores's motion is occasioned by the significant public health crisis involving the COVID-19 virus and especially the potential spread in a correctional institution. Flores claims that because of her present and preexisting medical conditions, she is especially vulnerable to contracting the disease and, if infected, suffering severe consequences.

The Center for Disease Control (CDC) has listed several illness and conditions which makes one more susceptible to contracting the virus. Flores reports, and the Probation Office's Report confirms for the most part, that Flores now 44, is a cancer survivor having had surgery to remove her right thyroid gland based on a showing of thyroid cancer. The Government concedes this (Government's Response, Dkt. #59 at p.7). It does not appear that Flores is engaged in any treatment relative to that. Plaintiff also represents that she is obese, has high blood pressure, and is prediabetic, which is noted in the medical records attached to the Probation Office's Report. Flores has the burden under 18 U.S.C. § 3582(c)(1)(A) to show that there are "extraordinary and compelling reasons" to modify and reduce her originally-imposed sentence.

I believe that Flores has sustained that burden for several reasons. Flores does have some medical issues – obesity and a prior cancer episode – that makes her somewhat vulnerable to the spread of the virus. She is 44 years old and has served more than half of the sentence imposed by this Court.

What perhaps tips the scales in Flores's favor is the location where she is being housed: Danbury. The record of infection and the BOP's neglect to deal with it is disturbing. First of all, I note that the Attorney General of the United States issued a forceful Memorandum on March 26, 2020 directing the BOP to prioritize the use of home confinement during the pandemic. Furthermore, and most significantly, the Attorney General issued another Memorandum on April 3, 2020, directing officials at three institutions, FCI Oakdale, FCI Danbury and FCI Elkton, to give

priority to implementing standards for release to home confinement for these three institutions who are most affected by the COVID-19 virus. That in itself indicates that Danbury where Flores is housed is significantly and dangerously affected by the virus.

But that is not all. As mentioned, Judge Shay in the District of Connecticut, issued what could only be described as a scathing indictment of treatment at Danbury, on May 12, 2020. *Martinez-Brooks, et al. v. Easter, Warden of FCI Danbury*, 2020 WL 2405350 (D. Conn. 2020). In that lengthy Decision, Judge Shay found Danbury to be one of the worst institutions in the federal system and that the plaintiffs in that class action (of which Flores is presumably a member) had demonstrated a likelihood of success to show that the Warden had demonstrated deliberate indifference to the health needs of the inmates. Judge Shay noted, at page 10, that since the beginning of the COVID-19 crisis, the Warden at Danbury had not approved a single request for compassionate release, although 241 such requests had been made. The number of inmates infected seems to increase almost daily. In the Probation Report (Dkt. #61), it describes 37 inmates and staff infected with the virus. Judge Shay in his Decision, at page 3, stated that since the pandemic began, 69 inmates at FCI Danbury have tested positive. He notes, however, that that figure may well understate the true number because of the limited testing done at the institution. One inmate has died from the virus. As noted, because of the woeful situation at Danbury, the Attorney General found the need to issue a special Memorandum to officials at Danbury to consider and prioritize home confinement release. Judge Shay ruled that the Warden's failure to grant any compassionate release request bolsters the finding of deliberate indifference.

In originally opposing the motion here, the Government contended that Flores had failed to exhaust her administrative remedies. It does appear now that on or about either May 8 or May 12, a request was made for release administratively. I find that to be sufficient and also determine, based

on the refusal of the Warden at Danbury to grant any request for relief, such a petition by Flores would indeed be futile, and therefore excused.  There is no doubt that Danbury is experiencing an active outbreak of the COVID-19 virus.  The historical facts relating to what has and is occurring at Danbury is much more serious than suggested in the Government's Response (Dkt. #59) opposing Flores's motion.

After considering the applicable factors set forth in 18 U.S.C. § 3553(a), the standards set forth at 18 U.S.C. § 3582(c)(1)(A), and the Policy Statement of the Sentencing Commission set forth at U.S.S.G. § 1B1.13, this Court finds that extraordinary and compelling reasons warrant a reduction in defendant Janet Flores's sentence and further finds that the administrative exhaustion requirement has been sufficiently satisfied and/or waived as futile, and finds that defendant Janet Flores is not a significant present danger to the safety of any other person or to the community.

Accordingly, it is hereby ORDERED:

(1) That defendant Janet Flores's motion (Dkt. #56) for compassionate release is GRANTED.

(2) Defendant Janet Flores's sentence of imprisonment is hereby reduced to TIME SERVED and she is Ordered to be IMMEDIATELY RELEASED.  The Court directs the Bureau of Prisons at FCI Danbury to immediately commence the process of releasing the defendant from custody and the United States Attorney's Office is directed to take all steps to communicate and to facilitate that relief.  The Bureau of Prisons is directed to provide the defendant with funds and costs of transportation, if necessary to defendant's bona fide residence in the Western District of New York at Rochester, New York, pursuant to 18 U.S.C. § 3624(d).

(3) Defendant is placed on Supervised Release for 36 months, the first 18 months of which will be on home confinement.  She will be confined to her residence at all time, absent approval by the Probation Office for travel to medical appointments or treatment appointments.

(4) Following the defendant's release, she must travel directly to Rochester, New York and rigidly self-quarantine for at least fourteen (14) days after entry into the residence, and thereafter comply with all conditions of home confinement according to this Order and the defendant will be supervised by Federal Probation on supervised release, until further Order of the Court.

ALL OF THE ABOVE IS ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 8, 2020.